No. 83,936

In the Matter of THOMAS JEFFREY RICHARDSON, *Respondent.*
(1 P.3d 328)

Opinion filed March 10, 2000.

*Stanton A. Hazlett,* disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

No appearance by respondent.

*Per Curiam*: This is an original uncontested attorney discipline case filed by the office of the Disciplinary Administrator against Thomas Jeffrey Richardson of Wallingford, Connecticut, an attorney licensed to practice law in Kansas. Richardson was disbarred by the Superior Court of the State of Connecticut on April 22, 1998, based on guilty pleas in the United States District Court of the District of Connecticut, on May 10, 1996, to conspiracy to commit mail fraud, 18 § U.S.C. 371 (1994); mail fraud, 18 § U.S.C. 1341 (1994), and misappropriation of funds by a fiduciary, 38 § U.S.C. 6101 (1994).

The Kansas Disciplinary Administrator filed a complaint alleging that Richardson had violated KRPC 1.15 (1999 Kan. Ct. R. Annot. 342) (safekeeping property) and KRPC 8.4 (1999 Kan. Ct. R. Annot. 399) (misconduct). In the complaint, the Disciplinary Administrator requested that a hearing panel determine the merits of the allegations and violations and make a recommendation to this court pursuant to Rule 211(f) (1999 Kan. Ct. R. Annot. 234) as the panel deemed just and equitable. Richardson was served with a copy of the formal complaint, notice to respond, and notice of hearing. He failed to appear at the hearing of the panel.

By the introduction of court documents, the Disciplinary Administrator presented evidence to the panel that Richardson had been convicted in the United States District Court of the District of Connecticut of three felony counts, including conspiracy to commit mail fraud, mail fraud, and misappropriation of funds by a fiduciary and had been subsequently disbarred by the Superior Court of the State of Connecticut. The Disciplinary Administrator

referred the panel to Supreme Court Rule 202 (1999 Kan. Ct. R. Annot. 207), which states that a certificate of conviction based on clear and convincing evidence shall be conclusive evidence of the commission of that crime in any disciplinary proceeding instituted against an attorney based upon the conviction, and a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state. At the conclusion of the hearing, the Disciplinary Administrator recommended disbarment.

The panel found that the out-of-state court records established that Richardson aided his law partner, John A. Carrozzella, in executing a scheme to defraud clients of monies entrusted to them. Richardson falsely represented to clients that Carrozzella would invest the money for them and the money would earn a very good rate of return. Richardson allowed Carrozzella to improperly use money held by him as a fiduciary for clients. In order to continue the scheme to defraud, Richardson mailed letters to all his clients who had entrusted money to him or for whom he held money as a fiduciary. The letters included false statements regarding the principal balance and the interest earned. The panel further noted that based on court documents the entire scheme to defraud resulted in a loss of $12,474,017.44; however, Richardson claimed that the loss attributable to his conduct was approximately $1,000,000.

The panel found, based on the court documents, that in order to execute the scheme to defraud, Carrozzella invested client funds in real estate, stocks, and bonds. Carrozzella also used client funds to cover interest payments to be made to clients and to cover expenses associated with the management of the investments. Beginning in 1987, the investments performed poorly and the money invested was lost or significantly reduced. The real estate and stocks purchased with client money were not purchased in the name of the clients, but rather in Richardson's name, Carrozzella's name, or in the name of the partnership. On May 10, 1996, Richardson entered guilty pleas to conspiracy to commit mail fraud, mail fraud, and misappropriation of funds by a fiduciary. Richardson received a prison sentence of 24 months, which was reduced to 20 months,

and was ordered to pay restitution in the amount of $2,892,607. Based on the convictions, Richardson was disbarred by the State of Connecticut on April 22, 1998.

The panel concluded that because Richardson, by means of his guilty plea, was convicted of conspiracy to commit mail fraud, mail fraud, and misappropriation of funds by a fiduciary, Richardson had committed criminal acts that reflect adversely on his honesty and trustworthiness, in violation of KRPC 8.4(b) (misconduct).

The panel reviewed the factors provided in the ABA Standards for Imposing Lawyer Sanctions, § 3.0 (1991) (Standards), including: (1) the duty violated; (2) the lawyer's mental state; (3) the injury to the clients; and (4) the existence of aggravating or mitigating factors. The panel concluded that Richardson had violated the duty to maintain standards of personal integrity by aiding and abetting Carrozzella in defrauding clients of a substantial amount of money. As to mental state, the panel found that Richardson intentionally engaged in behavior that caused the loss of millions of dollars. The panel found that the injury was overwhelming.

Regarding aggravating or mitigating factors, the panel observed that Richardson acted from dishonest and selfish motives; his scheme to defraud involved multiple clients which established a pattern of behavior; the victims were extremely vulnerable; and Richardson had been practicing law since at least 1979. The panel also noted that prior to being disbarred in Connecticut for the felony convictions, Richardson had not otherwise been disciplined and that he had been sentenced for 20 months in a federal prison as a result of the crimes committed.

The panel recommended disbarment. In reaching its decision, the panel considered § 5 of the Standards, which states that disbarment is generally appropriate when a lawyer engages in serious criminal conduct, a necessary element of which includes fraud. The panel concluded that because Richardson had been convicted of three felonies involving fraud, disbarment is the appropriate sanction.

This court, having examined the files of the office of the Disciplinary Administrator, finds that respondent should be disbarred.

IT IS THEREFORE ORDERED that Thomas Jeffrey Richardson be and he is hereby disbarred from the practice of law in Kansas and his license and privilege to practice law are hereby revoked.

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts strike the name of Thomas Jeffrey Richardson from the roll of attorneys licensed to practice law in Kansas.

IT IS FURTHER ORDERED that this order shall be published in the Kansas Reports, that the costs herein shall be assessed to respondent, and that respondent forthwith shall comply with Supreme Court Rule 218 (1999 Kan. Ct. R. Annot. 250).